Luther BARTHOLOMEW; Zeljko Brcic; Jimmie Haithcock; James Kristovich, Plaintiffs—Appellees,

v.

CROWLEY MARINE SERVICES INC., a Delaware corporation; Union Oil Company of California, Defendants—Appellants.

No. 04–35159.

D.C. No. CV–00–01670–WTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Dec. 17, 2004.

Robert M. Kraft, Harold F. Vhugen, Levinson Friedman, P.S., Seattle, WA, for Plaintiffs–Appellees.

Mitchell S. Griffin, Derby, Cook, Quinby & Tweedt, Terence S. Cox, Cox Wootton Griffin Hansen & Poulos, LLP, San Francisco, CA, for Defendants–Appellants.

Before ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Appellant Crowley Marine Services, Inc. ("CMS"), a marine transportation company, brings this second appeal from the district court's allocation of a salvage award. The district court originally awarded CMS as owners of the salving ship, the *Sea Voyager*, 0% of the $283,203.30 award; it allocated the entire award among the *Sea Voyager*'s crew. The district court denied CMS a portion of the award because CMS also owned the ship and barge being salvaged by the *Sea Voyager*. In *Bartholomew v. Crowley Marine Services, Inc.*, 337 F.3d 1083 (9th Cir.2003), we held that it is incorrect to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deny CMS a portion of the salvage award solely because it owned both the salving and salvaged vessels. *Id.* at 1089. On remand, the district court awarded CMS 10.17% of the award; the remaining 89.83% went to the ship's crew. Because this new allocation represents an unjustified departure from a normal award allocation range of 50–66% for the owners of the salving vessel, we find that the district court abused its discretion in allocating only 10.17% to CMS. Accordingly, we again reverse and remand.

### I

A salvage award that is "grossly excessive or inadequate" may be deemed an abuse of discretion. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir.1985). Here, the district court was ordered by the previous Ninth Circuit panel to make findings of fact as to the *Sea Voyager's* value, the peril that the *Sea Voyager* was placed in while undertaking the salvage operation, and the reasonable value of the use of such assets for the period of time in which the *Sea Voyager* was engaged in the salvaging effort. *Bartholomew,* 337 F.3d at 1090. However, the district court failed to make such findings of fact and awarded CMS 10.17%. The district court's allocation was grossly inadequate and constituted an abuse of its discretion.

### II

In moderate order salvages, much as this one, "recent American cases suggest that the ordinary division is two-thirds to the owner, one-third to the crew." Grant Gilmore & Charles S. Black, Jr., *The Law of Admiralty* 566 (2d ed. 1975). In all the reported U.S. cases dealing with allocation of salvage awards between the crew and the owner of the salving ship dating back to 1830, in only a handful of cases have courts allocated anything less than half of a salvage award to the ship owners. *See* 3A Benedict on Admiralty §§ 281–83 (7th rev. ed. 2004) (listing cases). The lowest allocation ever made to an owner appears to be 20% of the salvage award. *See, e.g., Petition of United States,* 229 F.Supp. 241, 245 (D.Or.1963).

Nothing occurred in this salvage to justify the district court's award of 10.17%. We direct the district court on remand to award CMS a share of the salvage award that falls between 50 and 66%. The district court may only allocate between these two outer boundaries. The district court is directed to make explicit findings of fact accounting for its allocation decision between these two boundaries.

**REVERSED** and **REMANDED.**